UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MICHAEL LITTLETON,

Petitioner,

v.

SHERIFF,

Respondent.

CAUSE NO. 1:26-CV-416-TLS-AZ

OPINION AND ORDER

Michael Littleton, a prisoner without a lawyer, filed two substantially similar habeas petitions, and he is now in custody at the Sacramento County Jail in Sacramento, California. ECF 1, ECF 2. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Though it is unclear what relationship, if any, Littleton has with the Northern District of Indiana, his petition suffers from an even more fundamental problem. Specifically, it does not convey any coherent concerns relating to his current custody but instead generally appears to be an expression of delusional thoughts. For example, within the first four lines, Littleton represents that "[the police] killed [his] soul when [he] was a kid with voodoo devil cases devil property" and he ends 19 pages later with, "All them woman with mechanical machine demons goblins jumping up eating all type of people in real life." ECF 1 at 1; ECF 2 at 11. Indeed, the court would have been unable to even identify his filings as seeking habeas relief if Littleton had not expressly written "habeas corpus" at the top of them.

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic,

> and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (cleaned up). Thus, a case can be dismissed without a response from the defendants where "the facts alleged in the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (citations omitted); *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Given the wholly incredible nature of the allegations, the court dismisses this case because any habeas claims based on the allegations in petitions would be factually frivolous.

For these reasons, the court DISMISSES this case because the habeas petitions are factually frivolous.

SO ORDERED on September 18, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT